**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KIM SMALLWOOD-JONES,** | : | **Civil Action No.** |
| **249 Weymouth Road** | : | |
| **Darby, PA 19023** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **THOMAS JEFFERSON UNIVERSITY** | : | |
| **HOSPITALS, INC.,** | : | |
| **111 S 11th Street** | : | |
| **Philadelphia, PA 19107** | : | |
| **Defendant.** | : | |

**CIVIL ACTION**

Plaintiff, Kim Smallwood-Jones (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Thomas Jefferson University Hospitals, Inc. (hereinafter "Defendant"), for violations of the Age Discrimination in Employment Act ("ADEA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Thomas Jefferson University Hospital, Inc. is a health care system with a location and corporate headquarters located at 111 S 11th Street,

Philadelphia, PA 19107.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

**JURISDICTION AND VENUE**

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original

jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under the ADEA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging age discrimination and retaliation against Defendant on February 16, 2021.

14. The Charge was assigned a Charge Number of 530-2021-01967 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated May 11, 2022. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff was born on July 15, 1973.

21. On September 5, 2001, Defendant hired Plaintiff as a Patient Registrar II.

22. Plaintiff was well qualified for her position and performed well.

23. In or around 2018, Jaqueline Ticcino-Neeld became Plaintiff's new direct supervisor.

24. Upon becoming Plaintiff's supervisor, Ms. Ticcino-Neeld nitpicked Plaintiff's work product and spoke to her in a rude and condescending manner.

25. Plaintiff believed that Ms. Ticcino-Neeld treated her in this manner because of her age.

26. Ms. Ticcino-Neeld issued Plaintiff unwarranted disciplines for minor issues or for occurrences that she did not commit.

27. She did not follow Defendant's progressive disciplinary policy when issuing Plaintiff these unwarranted disciplines.

28. Upon information and belief, Ms. Ticcino-Neeld did not treat Plaintiff's younger coworkers in this manner.

29. In or around late 2019, Plaintiff complained to Elizabeth Frankel, Human Resource Representative, regarding Ms. Ticcino-Neeld's conduct and the unwarranted disciplines she issued to her.

30. However, Ms. Frankel did nothing to address Plaintiff's complaint, essentially ignoring it.

31. Ms. Ticcino-Neeld's discriminatory conduct continued.

32. On July 24, 2020, Defendant terminated Plaintiff for allegedly committing a COVID-19 scheduling error.

33. Upon information and belief, these errors occurred regularly with young coworkers, but Defendant did not terminate them for it.

34. Previously, Defendant terminated Antoinette LNU (late 40's), Dermatology Department, for alleged poor work performance.

35. It is Plaintiff's belief that Defendant engaged in a pattern and practice of terminating older employees.

36. Defendant's engagement in a pattern and practice of terminating older employees displays Defendant's willfulness in its violations of the ADEA against Plaintiff.

37. Plaintiff contends that she was discriminated against due to her age and retaliated against for reporting the aforementioned discrimination in violation of the ADEA.

## COUNT I – AGE DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

38. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

39. Plaintiff was born on July 15, 1973.

40. Plaintiff was qualified to perform the job.

41. Defendant treated younger employees more favorably than Plaintiff.

42. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

43. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

44. Defendant terminated Plaintiff.

45. Defendant's actions were willfully in violation of Plaintiff's statutory rights under the ADEA.

46. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as

set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT II – RETALIATION
### AGE DISCRIMINATION IN EMPLOYMENT ACT

47. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

48. Plaintiff engaged in activity protected by ADEA when she complained about age discrimination.

49. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

50. Defendant's actions were willfully in violation of Plaintiff's statutory rights under the ADEA.

51. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Kim Smallwood-Jones, requests that the Court grant her the following relief against Defendant:

(a)    Compensatory damages;

(b)    Liquidated damages;

(c)    Reasonable attorneys' fees;

(d)    Recoverable costs;

6

(e)     Pre and post judgment interest;

(f)     An allowance to compensate for negative tax consequences;

(g)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADEA.

(h)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(i)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(j)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

7

8

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: August 9, 2022          **By:**   */s/ David M. Koller*
David M. Koller, Esquire (90119)
Jordan D. Santo (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

8