IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIM SMALLWOOD-JONES | : | CIVIL ACTION |
| | : | |
| v. | : | No. 22-3168 |
| | : | |
| THOMAS JEFFERSON UNIVERSITY HOSPITALS, INC. | : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                              **January 30, 2023**

Plaintiff Kim Smallwood-Jones alleges her former employer, Thomas Jefferson University Hospital, Inc. ("Jefferson"), engaged in age discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"). Jefferson moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Smallwood-Jones fails to plead sufficient facts to create an inference of age discrimination or show a causal relationship between her complaints of disparate treatment and her termination, the Amended Complaint will be dismissed without prejudice.

**FACTS**

In 2001, Smallwood-Jones was hired by Jefferson as a Patient Registrar II. Am. Compl. ¶ 21, ECF No. 6. She continued in this role for over 15 years, performing well, and was promoted to Patient Registrar IV in 2019. *Id.* ¶¶ 22-23. In 2018, however, she came under the direct supervision of Jaqueline Ticcino-Neeld, who "nitpicked [her] work product and spoke to her in a rude and condescending manner." *Id.* ¶¶ 26-27. Ticcino-Neeld also allegedly issued Smallwood-Jones "unwarranted written disciplines in the form of write-ups for minor issues or for occurrences that she did not commit."[1] *Id.* ¶ 28. Smallwood-Jones claims this treatment was due to her age—

---

[1] Although Smallwood-Jones claims Ticcino-Neeld began disciplining her in 2018, she was

1

45 at the time—as Ticcino-Neeld did not treat younger employees in the same manner. *Id.* ¶¶ 29, 31.

In 2019, Smallwood-Jones complained to Celeste Gagliardi, Ticcino-Neeld's supervisor, about this behavior. *Id.* ¶ 32. Smallwood-Jones told Gagliardi that Ticcino-Neeld was treating her differently "compared to newer, younger employees in [her] same position and/or substantially similar positions." *Id.* Later that year, she also complained about Ticcino-Neeld's "conduct and the unwarranted disciplines she issued" to Elizabeth Frankel, a Human Resource Representative at Jefferson. *Id.* ¶ 34. According to Smallwood-Jones, neither Gagliardi nor Frankel took any action to address these grievances. *Id.* ¶¶ 33, 35. Indeed, Ticcino-Neeld's actions worsened, allegedly because of Smallwood-Jones' complaints. *Id.* ¶¶ 36-37.

On July 24, 2020, Jefferson terminated Smallwood-Jones, who was then 47, for committing a scheduling error related to COVID-19. *See id.* ¶¶ 20, 38, 44. Smallwood-Jones claims she would not have been terminated for this error but for her record of prior write-ups, unjustly issued by Ticcino-Neeld. *Id.* ¶¶ 45-46. As her younger coworkers were not treated similarly, Smallwood-Jones alleges her termination was part of a "pattern and practice of terminating older employees in favor of hiring younger employees." *Id.* ¶¶ 47-48.

Smallwood-Jones filed a "Charge of Discrimination" with the United States Equal Employment Opportunity Commission ("EEOC") alleging age discrimination and retaliation in violation of the ADEA. *Id.* ¶ 13. She received a "Right to Sue" letter on May 11, 2022, and brought this action on August 9, 2022. *Id.* ¶ 15; *see also* Compl., ECF No. 1. After Jefferson moved to dismiss her original Complaint, Smallwood-Jones elected to amend. Jefferson now moves to dismiss the Amended Complaint.

---

nevertheless promoted in 2019. *See* Am. Compl. ¶¶ 23, 26-28.

2

**STANDARD OF REVIEW**

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "does not need detailed factual allegations" if it contains something "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But the plausibility standard "require[s] a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citation omitted). "A facially plausible claim is one that permits a reasonable inference that the defendant is liable for the misconduct alleged." *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) (citing *Iqbal*, 556 U.S. at 678). This Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

**DISCUSSION**

Taking all facts in the Amended Complaint as true and drawing all inferences in her favor, the Court finds Smallwood-Jones fails to plead a plausible violation of the ADEA. The Amended Complaint does not allege sufficient facts to support an inference of age discrimination, nor does it adequately plead a causal relationship between Smallwood-Jones' protected activity and her termination. Jefferson's Motion to Dismiss will be granted.

Under the ADEA, it is unlawful for an employer to refuse to hire, terminate, "or otherwise discriminate against any individual . . . because of such individual's age." 29 U.S.C. § 623(a). A prima facie case of age discrimination requires proof that: (i) the plaintiff is at least forty years old; (ii) the plaintiff suffered an adverse employment decision; (iii) the plaintiff was qualified for the

position in question; and (iv) the adverse action occurred under circumstances that create an inference that plaintiff's age was a motivating factor. *Dodson v. Coatesville Hosp. Corp.*, 773 F. App'x 78, 80 (3d Cir. 2019). The fourth element may be established by showing the plaintiff "was ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive," but this is just one way of creating an inference that the employment decision was based on age. *Id.* at 80 n.3 (quoting *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015)). While a plaintiff need not *prove* a prima facie case at the motion to dismiss stage, a complaint must present sufficient facts to "raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (internal quotation marks and citation omitted).

Jefferson argues Smallwood-Jones has not alleged sufficient facts supporting an inference of age discrimination under the fourth element. *See* Mot. Dismiss 6, ECF No. 12. The Amended Complaint does not allege that Smallwood-Jones was replaced after being terminated,[2] let alone that she was replaced by a younger employee. *See Grove v. Admiral Peary Area Vocational-Tech. Sch.*, 221 F. App'x 101, 104 (3d Cir. 2007) (denying a claim of age discrimination where the employer did not replace the plaintiff). Thus, to satisfy the fourth element of a prima facie case, Smallwood-Jones must show that she was terminated under other "circumstances that create an inference that plaintiff's age was a motivating factor" in her termination. *Dodson*, 773 F. App'x at 80.

Smallwood-Jones claims she met this requirement by showing that Jefferson treated younger, similarly situated employees more favorably. Pl.'s Resp. 7, ECF No. 13. Employees are

---

[2] Smallwood-Jones agrees the "adverse employment action at issue in this case" is her termination. Pl.'s Resp. 2, ECF No. 13.

4

similarly situated where they "dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct." *Opsatnik v. Norfolk S. Corp.*, 335 F. App'x 220, 223 (3d Cir. 2009). Courts also look to "job function, level of supervisory responsibility and salary." *Monaco v. Am. Gen. Assur. Co.*, 359 F.3d 296, 305 (3d Cir. 2004). While the Amended Complaint includes a conclusory allegation that Jefferson treated Smallwood-Jones differently than "younger employees in [her] same position and/or substantially similar positions," it does not include any facts showing that these younger employees were in fact similarly situated. *See* Am. Compl. ¶¶ 31-32. The Amended Complaint includes no information about these employees' job functions, salaries, supervisors, or conduct. *See Opsatnik*, 335 F. App'x at 223; *Monaco*, 359 F.3d at 305. The "similarly situated" analysis is a "fact-intensive inquiry"; without some facts from which it can be inferred that the other employees were similarly situated, Smallwood-Jones does not plausibly allege that her age was a motivating factor in her termination. *Monaco*, 359 F.3d at 305.[3] Smallwood-Jones' discrimination claim will be dismissed.

Smallwood-Jones also brings a claim of retaliation in violation of the ADEA. To establish

---

[3] The case Smallwood-Jones cites for support— *Martinez v. UPMC Susquehanna*, 986 F.3d 261 (3d Cir. 2021)—does not help her claim. *See* Pl.'s Resp. 8, ECF No. 13. In *Martinez*, the Third Circuit held a plaintiff sufficiently pled an age discrimination violation by alleging he was replaced by a substantially younger individual. *Martinez*, 986 F.3d at 267. The court was persuaded that discovery would reveal the "replacements' exact ages," confirming or denying the plaintiff's claims of discrimination. *Id.* The *Martinez* complaint also added "suspicious details," like executives' statements that the plaintiff's termination "was not based on his performance." *Id.* It was this evidence that "raise[d] the reasonable expectation that discovery will uncover evidence of discriminatory motive." *Id.*

It is true that discovery in this case would likely reveal whether the younger employees Smallwood-Jones describes were truly similarly situated. However, at the motion to dismiss stage, it is not enough that a defendant "needs only enough to look up alleged information in its records" to determine whether or not a violation has occurred. Pl.'s Resp. 8, ECF No 13. Instead, there must be additional facts to plausibly suggest a discriminatory motive may be revealed through discovery. Without such additional facts, as the *Martinez* Court itself noted, any termination could result in a fishing expedition. *Martinez*, 986 F.3d at 265 ("Plausible does not mean possible.").

a prima facie case of retaliation, a plaintiff must show: "(1) that he engaged in protected conduct; (2) that he was subject to an adverse employment action subsequent to such activity; and (3) that a causal link exists between the protected activity and the adverse action." *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 701 (3d Cir. 1995). Jefferson claims Smallwood-Jones fails to allege sufficient facts to permit a reasonable inference that she engaged in protected activity (element one) or that her termination was caused by such activity (element three). Mot. Dismiss 12-13, ECF No. 12.

As to the first element, the facts in the Amended Complaint, taken as true, do plausibly suggest that Smallwood-Jones engaged in protected activity by complaining about Ticcino-Neeld's conduct. Under the ADEA, protected activity includes opposing any practice made unlawful by the statute. *Barber*, 68 F.3d at 701. While this element does not require a formal grievance, a complaint must "notify management of the particular type of discrimination at issue in order to constitute protected activity." *Sanchez v. SunGard Availability Servs. LP*, 362 F. App'x 283, 288 (3d Cir. 2010) (citing *Barber*, 68 F.3d at 702). Thus, "a general complaint of unfair treatment does not translate into a charge of illegal *age* discrimination." *Barber*, 68 F.3d at 702 (emphasis in original).

Smallwood-Jones alleges two instances of protected activity in 2019: her complaints about Ticcino-Neeld's conduct to Celeste Gagliardi and Elizabeth Frankel. Am. Compl. ¶¶ 32-35, ECF No. 6. Her complaint to Frankel is alleged to have addressed only "Ms. Ticcino-Neeld's conduct and the unwarranted disciplines she issued," without mentioning age at all. *Id.* ¶ 34. Such a "general complaint of unfair treatment" does not constitute protected activity. *Barber*, 68 F.3d at 702. However, Smallwood-Jones' complaint to Gagliardi is protected, as she allegedly discussed the "fairness and equity of Ms. Ticcino-Neeld's treatment of [her] compared to newer, younger employees." Am. Compl. ¶ 32, ECF No. 6. Although she did not use the words "age

discrimination," her complaint is sufficient to identify "the employer and the practice—if not specifically, at least by context." *Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc.*, 450 F.3d 130, 135 (3d Cir. 2006). The complaint of disparate treatment as compared to younger employees could "reasonably be read to allege age discrimination." *Selvanathan v. Opportunities Indus. Ctrs. Int'l*, 871 F. Supp. 2d 349, 367 (E.D. Pa. 2012). As such, Smallwood-Jones' complaint to Gagliardi could plausibly be interpreted as protected activity.

However, Smallwood-Jones fails to adequately plead a causal relationship between this protected activity and her termination. To plead causation, a plaintiff may show either "(1) an unusually suggestive temporal proximity between the protected activity and the alleged retaliatory activity; (2) a pattern of antagonism coupled with timing; or (3) that from the evidence gleaned from the record as a whole the trier of fact should infer causation." *Zielinski v. Whitehall Manor, Inc.*, 899 F. Supp. 2d 344, 355 (E.D. Pa. 2012) (internal quotation marks and citation omitted).

While there is no bright line rule for temporal proximity, "a gap of three months between the protected activity and the adverse action, without more, cannot create an inference of causation." *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 233 (3d Cir. 2007). The protected activity here occurred "in or around 2019," and the adverse employment action on July 24, 2020. Am. Compl. ¶¶ 32, 38, ECF No. 6. Even assuming Smallwood-Jones complained to Gagliardi on December 31, 2019, this activity would have occurred over six months before her termination. Temporal proximity alone, therefore, cannot support an inference of causation here. *LeBoon*, 503 F.3d at 233.

However, "mere passage of time is not legally conclusive proof against retaliation." *Robinson v. Se. Pa. Transp. Auth., Red Arrow Div.*, 982 F.2d 892, 894 (3d Cir. 1993). An inference of causation can also be based on "intervening antagonism or retaliatory animus, inconsistencies

in the employer's articulated reasons for terminating the employee, or any other facts in the record sufficient to support the inference of retaliatory animus." *LeBoon*, 503 F.3d at 232-33. The only allegations regarding causation in the Amended Complaint are that "Ticcino-Neeld's discriminatory conduct continued and, upon information and belief, worsened following Plaintiff's complaint to Human Resources" and that this increased conduct was "a result of Plaintiff's complaint." Am. Compl. ¶¶ 35-36, ECF No. 6. This Court is "not required to credit such a bald assertion." *Hammond v. City of Wilkes Barre*, 628 F. App'x 806, 808 (3d Cir. 2015) (dismissing allegation that "[Appellees] were aware of [Appellant's] protected activities and retaliated against him" (alterations in original)). Without temporal proximity, Smallwood-Jones' mere speculation that Jefferson's actions resulted from retaliatory motives is insufficient to plausibly show causation. *See Gillyard v. Geithner*, 81 F. Supp. 3d 437, 447 (E.D. Pa. 2015).

Further, in order to show termination was caused by protected conduct, the actor "responsible for the alleged adverse actions" must have been aware of the conduct in question. *Andreoli v. Gates*, 482 F.3d 641, 650 (3d Cir. 2007); *see also Ambrose v. Twp. of Robinson, Pa.*, 303 F.3d 488, 493 (3d Cir. 2002) ("It is only intuitive that for protected conduct to be a substantial or motiving factor in a decision, the decisionmakers must be aware of the protected conduct."). Smallwood-Jones fails to allege that the decisionmaker at Jefferson responsible for her termination was aware of her complaint to Gagliardi. Without some facts suggesting that "the individuals responsible for the adverse action knew of [her] protected conduct at the time they acted," Smallwood-Jones fails to demonstrate a link between the two occurrences. *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 196 (3d Cir. 2015). Therefore, although Smallwood-Jones plausibly alleges her complaint to Gagliardi was protected conduct under the ADEA, she fails to adequately plead the requisite causal relationship between such conduct and her termination.

Because Smallwood-Jones fails to allege sufficient facts to plausibly show Jefferson discriminated or retaliated against her in violation of the ADEA, the Amended Complaint will be dismissed with leave to amend. *See* Fed. R. Civ. P. 15(a).

An appropriate Order follows.

BY THE COURT:

 /s/  Juan R. Sánchez
Juan R. Sánchez, C.J.
