IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIM SMALLWOOD-JONES | : | CIVIL ACTION |
| | : | |
| v. | : | No. 22-3168 |
| | : | |
| THOMAS JEFFERSON UNIVERSITY | : | |
| HOSPITALS, INC. | : | |

## MEMORANDUM

**Chief Judge Juan R. Sánchez**                                                    **May 3, 2023**

Plaintiff Kim Smallwood-Jones brings this suit under the Age Discrimination in Employment Act ("ADEA"). She claims Defendant Thomas Jefferson University Hospital, Inc. ("Jefferson"), her former employer, engaged in age discrimination and retaliation for protected activity. After the Court granted Jefferson's earlier Motion to Dismiss without prejudice, Smallwood-Jones filed a Second Amended Complaint ("SAC"). Jefferson again moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the SAC plausibly alleges Smallwood-Jones' termination was causally related to her age, but not to her protected activity, Jefferson's Motion to Dismiss will be granted in part and denied in part, and Smallwood-Jones' retaliation claim will be dismissed, this time with prejudice.

## FACTS

The facts of this case are fully set out in the Court's Memorandum of January 30, 2023, and are therefore summarized only briefly herein. Smallwood-Jones worked as a Patient Registrar at Jefferson for over fifteen years. SAC ¶¶ 21-23, ECF No. 18. In 2018, at the age of 44, she was assigned a new supervisor, Jaqueline Ticcino-Neeld. *Id.* ¶ 26. Ticcino-Neeld began "nitpicking" (?) Smallwood-Jones' work, speaking to her in a condescending manner, and issuing her unwarranted written disciplines. *Id.* ¶¶ 27-28. Sometime in 2019, Smallwood-Jones complained to

Celeste Gagliardi, Ticcino-Neeld's supervisor, claiming she was receiving different treatment than her younger coworkers. *Id.* ¶ 32. She also brought the issue to the attention of a Human Resource Representative. *Id.* ¶ 34. However, no action was taken, and Ticcino-Neeld's discriminatory behavior worsened. *Id.* ¶¶ 33, 35-36. On July 24, 2020, Smallwood-Jones was terminated for "committing a COVID-19 scheduling error." *Id.* ¶ 39. She alleges younger, similarly situated employees made the same error but were not disciplined. *Id.* ¶ 54. She further claims she would not have been terminated for this incident but for the prior write-ups issued by Ticcino-Neeld, which themselves were a result of age discrimination. *Id.* ¶¶ 49-51.

Smallwood-Jones initiated this action, claiming her termination (1) violated the ADEA's prohibition on discrimination on the basis of age, and (2) was in retaliation for activity protected by the ADEA. After Jefferson moved to dismiss her original Complaint, Smallwood-Jones elected to amend and filed a First Amended Complaint ("FAC"). The Court granted Jefferson's Motion to Dismiss the FAC without prejudice; Smallwood-Jones again amended. Jefferson now moves to dismiss the SAC.

**STANDARD OF REVIEW**

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "does not need detailed factual allegations" if it contains something "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But the plausibility standard "require[s] a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citation omitted). "A facially plausible claim is one that permits a reasonable inference that the defendant is liable for the misconduct alleged."

2

*Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) (citing *Iqbal*, 556 U.S. at 678). This Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

**DISCUSSION**

Smallwood-Jones' SAC cures the deficiencies identified in the Court's earlier Memorandum as to her discrimination claim, but not her retaliation claim. She plausibly shows her termination was causally related to her age, but not to her protected activity. Jefferson's Motion to Dismiss will therefore be granted in part and denied in part.

In analyzing an age discrimination claim, the Court applies the familiar burden-shifting framework first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). This schema has three steps. First, a plaintiff must make out a prima facie claim of discrimination. *McDonnell*, 411 U.S. at 802. If she can do so, the burden shifts to the defendant, who has the opportunity to show a "legitimate, nondiscriminatory reason" for the adverse employment action. *Id.* Finally, the burden shifts back to the plaintiff to prove this alleged legitimate motive is mere pretext for discrimination. *Id.* at 804. To defeat a motion to dismiss, however, a plaintiff need only make out a prima facie case—or "allege enough facts to 'raise a reasonable expectation that discovery will reveal evidence of [each] necessary element.'" *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) (quoting *Fowler v. UPMC Shadyside*, 578 F.2d 203, 213 (3d Cir. 2009)). The elements of a prima facie case of age discrimination are (1) the plaintiff was at least forty years old; (2) the plaintiff suffered an adverse employment action; (3) the plaintiff was qualified for the position; and (4) the adverse action occurred under circumstances creating an inference that the plaintiff's age was a motivating factor. *Dodson v. Coatesville Hosp. Corp.*, 773

F. App'x 78, 80 (3d Cir. 2019). The parties' dispute here centers on the fourth element: causation.

One way for a plaintiff to satisfy the causation requirement of the prima facie test is by showing the employer "retained a sufficiently younger employee." *Anderson v. Consol. Rail Corp.*, 297 F.3d 242, 249 (3d Cir. 2002) (internal quotation marks and citation omitted). For this comparison to be meaningful, suggesting the differential treatment was due to age as opposed to some other reason, the younger employee must be "similarly situated" to the plaintiff. *Id.* In conducting the "similarly situated" analysis, courts consider, among other factors, "job function, level of supervisory responsibility and salary." *Monaco v. Am. Gen. Assur. Co.*, 359 F.3d 296, 305 (3d Cir. 2004). The Court granted Jefferson's previous Motion to Dismiss Smallwood-Jones' discrimination claim because the FAC failed to plead facts plausibly suggesting the younger employees who allegedly received more favorable treatment were similarly situated to herself. *See* Mem. Jan. 30, 2023 at 4-5, ECF No. 15. In the SAC, Smallwood-Jones for the first time alleges the younger employees who made the same scheduling error but were not fired had the same job title, job duties, supervisor, and performance expectations as she did. SAC ¶¶ 54-58, ECF No. 18. These additional facts render her comparison to these younger employees meaningful, plausibly suggesting the differential treatment was due to age.

Jefferson attempts to evade this conclusion by arguing the comparator employees are not similarly situated to Smallwood-Jones because they did not have similarly lengthy disciplinary records. Mot. Dismiss SAC 7, ECF No. 19. While these younger employees may have made the same COVID-19 scheduling error without receiving disciplinary action, Jefferson claims, it is just as plausible their favorable treatment was a result of their lack of prior discipline rather than age. *See id.* However, at the motion to dismiss stage, the amount of information the SAC provides about the comparators is sufficient to plausibly suggest causation. Requiring Smallwood-Jones to allege

4

the younger employees had similar disciplinary records to herself—information she lacks without the benefit of discovery—would heighten the pleading standard such that plaintiffs would need to "anticipate and preempt" defendants' possible explanations. *Martinez*, 986 F.3d at 267.[1] This information may be relevant to show pretext at the third step of the *McDonnell Douglas* framework, if Jefferson claims the nondiscriminatory reason for disparate treatment was the comparators' different disciplinary histories. *See id*. It is not necessary to successfully make out a prima facie case. *See id.*[2] The Court will deny Jefferson's Motion to Dismiss Smallwood-Jones' discrimination claim.

Smallwood-Jones also brings a claim of retaliation in violation of the ADEA. To establish a prima facie case of retaliation, a plaintiff must show: (1) she "engaged in protected conduct"; (2) she was "subject to an adverse employment action subsequent to such activity"; and (3) "a causal link exists between the protected activity and the adverse action." *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 701 (3d Cir. 1995). The Court granted Jefferson's previous motion to dismiss Smallwood-Jones' retaliation claim because the FAC failed to allege sufficient facts to permit a

---

[1] In its Memorandum of January 30, 2023, the Court distinguished *Martinez* from the case at bar, explaining the plaintiff in that case had alleged additional facts suggesting discriminatory motive. *See* Mem. Jan. 30, 2023 at 5 n.3, ECF No. 15. Jefferson admonishes Smallwood-Jones for her continued reliance on *Martinez*. *See* Reply Supp. Mot. Dismiss SAC 2, ECF No. 23. However, the SAC has now added the facts whose absence distinguished this case from *Martinez*: namely, additional information about the comparators which "plausibly suggest[s] a discriminatory motive may be revealed through discovery." Mem. Jan. 30, 2023 at 5 n.3, ECF No. 15.

[2] Notably, the cases Jefferson cites for support are distinguishable from the instant suit in at least two major respects. First, they were decided at the summary judgment stage under a different standard of review. *See, e.g.*, *Maull v. Div. of State Police*, 39 F. App'x 769, 773 (3d Cir. 2002); *Lackey v. Heart of Lancaster Reg'l Med. Ctr.*, Civ. No. 15-415, 2016 WL 5461185, at *6 (E.D. Pa. Sept. 29, 2016). Second, and more importantly, each of these cases discusses similarly situated comparators and their disciplinary records in the context of the third *McDonnell-Douglas* step: pretext. *See id.* The Court is unable to find any support for Jefferson's contention that, at the prima facie case stage, a plaintiff must allege comparators were similarly situated in regard to their disciplinary history.

reasonable inference that Smallwood-Jones' protected activity—complaining to Gagliardi in 2019—was causally related to her termination. Mem. Jan. 30, 2023 at 7-8, ECF No. 15. The Court also noted causation requires the decisionmaker responsible for the adverse action to be aware of the protected activity, which was not properly alleged in the FAC. *Id.* at 8. While the SAC addresses the latter issue, *see* SAC ¶¶ 48-51, ECF No. 18, it still fails to create a reasonable inference Smallwood-Jones' termination was motivated by her complaint of discrimination.

A plaintiff may plead causation by alleging "(1) an unusually suggestive temporal proximity between the protected activity and the alleged retaliatory activity; (2) a pattern of antagonism coupled with timing; or (3) that from the evidence gleaned from the record as a whole the trier of fact should infer causation." *Zielinski v. Whitehall Manor, Inc.*, 899 F. Supp. 2d 344, 355 (E.D. Pa. 2012) (internal quotation marks and citation omitted). The Court previously found the FAC failed to plead causation based on temporal proximity alone, as Smallwood-Jones was terminated more than six months after her protected activity. The SAC adds no new information to convince the Court otherwise. *See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 233 (3d Cir. 2007) ("[A] gap of three months between the protected activity and the adverse action, without more, cannot create an inference of causation."). Smallwood-Jones instead apparently proceeds on a "pattern of antagonism" theory. However, she has added no new facts to support this argument either, merely relying on her original allegations: "Ticcino-Neeld's discriminatory conduct continued and, upon information and belief, worsened following Plaintiff's complaint to Human Resources," and this "increased discriminatory conduct was a result of Plaintiff's complaint." SAC ¶¶ 36, 38, ECF No. 18. As the Court noted in its earlier Memorandum, it is "not required to credit such a bald assertion." Mem. Jan. 30, 2023 at 8, ECF No. 15 (quoting *Hammond v. City of Wilkes Barre*, 628 F. App'x 806, 808 (3d Cir. 2015)). Without specific facts about

6

intervening animus between complaint and termination, Smallwood-Jones fails to allege a pattern of antagonism sufficient to plead causation. *Compare Smith v. RB Distrib., Inc.*, 498 F. Supp. 3d 645, 663 (E.D. Pa. 2020) (finding pattern of antagonism was sufficiently pled where complaint alleged specific instances of animus during intervening period, including changed demeanor, two suspensions, and slander), *with Hernandez v. EHC Assocs., Inc.*, Civ. No. 17-5263, 2018 WL 5870319, at *4 (E.D. Pa. Nov. 9, 2018) (finding allegations of threats in retaliation, with "no mention of any facts surrounding these subsequent threats," insufficient to plead causation).

Neither do the allegations of the SAC as a whole suggest causation. *See Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 179 (3d Cir. 1997). In *Kachmar*, the Third Circuit reinforced that causation may be shown through a "more generalized inquiry," despite a lack of evidence of temporal proximity or a pattern of antagonism. *Id.* The Court of Appeals has inferred causation where, for example, the employer was inconsistent in explaining its allegedly retaliatory activity. *See id.* (citing *Waddell v. Small Tube Prods, Inc.*, 799 F.2d 69, 73 (3d Cir. 1986)). These facts do not go to temporal proximity nor a pattern of animus, but may still be relevant in the causation analysis. *See Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 302 (3d Cir. 2007) ("[A] plaintiff may rely on a broad array of evidence to demonstrate a causal link between his protected activity and the adverse employment action taken." (internal quotation marks and citation omitted)). Smallwood-Jones points to no similar facts raising the inference of causation here. As a result, her claim of retaliation will be dismissed.

Jefferson's Motion to Dismiss will be granted in part and denied in part. It will be granted as to Smallwood-Jones' retaliation claim, as the SAC fails to plausibly show her termination was caused by her protected conduct. But it will be denied as to the discrimination claim, because the SAC adds sufficient detail about younger employees who were allegedly treated differently to

create a reasonable inference of a causal relationship between Smallwood-Jones' treatment and her age.

Parties shall be given leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Amendment is not permitted, however, where it would be futile, or in situations of "repeated failure to cure deficiencies by amendments previously allowed." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The SAC is Smallwood-Jones' third iteration crafted in response to Jefferson's multiple motions, but it still fails to properly allege a claim of retaliation. Smallwood-Jones will not be permitted a fourth bite at the apple. *See Mann v. Brenner*, 375 F. App'x 232, 240 n.9 (3d Cir. 2010); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993). Dismissal of this claim will therefore be with prejudice.

An appropriate Order follows.

BY THE COURT:


 /s/  Juan R. Sánchez
Juan R. Sánchez, C.J.